UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VERA LYNN THOMAS** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HON. CHRISTIAN SAMPLER,**[1] )<br>)<br>**Defendant.** )<br>_____ ) | **Civil Action No. 07-0029 (RMU)** |

## DEFENDANT'S ANSWER

The Defendant, by and through his undersigned counsel, hereby answers the Plaintiff's complaint as follows:

## FIRST DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Acting Secretary of the Smithsonian Institution is the proper defendant in this case in his official capacity.

## THIRD DEFENSE

Insofar as Plaintiff may be seeking to assert claims based on alleged actions against her other than those she timely presented to an Equal Employment Opportunity counselor and for which she properly completed the administrative EEO process, the Plaintiff has failed to exhaust administrative remedies.

---

[1] Lawrence M. Small has recently resigned from the position of Secretary of the Smithsonian Institution. The Acting Secretary is Cristián Samper. The Defendant substitutes, pursuant to Fed. R. Civ. P. 25(d), Mr. Samper as the Defendant herein.

## FOURTH DEFENSE

The Plaintiff was terminated within the one-year probationary period of her appointment because the Plaintiff had failed to meet the performance standards for the position she held as Administrative Specialist, IS-301-09.

## FIFTH DEFENSE

The Plaintiff is not entitled to front pay and back pay in this case.

## SIXTH DEFENSE

The Defendant is entitled to offsets for any back pay or front pay awarded to the Plaintiff.

## SEVENTH DEFENSE

The Plaintiff is not entitled to pre-judgment or post-judgment interest.

## The Complaint

The Defendant further answers the numbered paragraphs of the Plaintiff's complaint by denying the allegations contained therein, except as expressly admitted as follows:

## Unlawful Discrimination

1.  Paragraph 1 constitutes the Plaintiff's characterization of her claims to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 1 is denied.

## Jurisdiction and Venue

2.  Paragraph 2 contains the Plaintiff's jurisdictional statement to which no answer is required. Insofar as an answer may be deemed necessary, paragraph 2 is denied.

3.  Deny, except to admit that the alleged discriminatory acts occurred in the District of Columbia.

## Factual Basis of the Complaint

4.  Defendant is without sufficient knowledge to admit or deny paragraph 4.

5. Admit.

6. Admit.

7. Admit.

8. Deny.

9. Denied, except to admit that the Plaintiff filed an administrative complaint and that over 180 days have passed since the formal investigation began.

## Statement of Claim

### Count I: Discrimination based on race (African American)

10. This paragraph repleads and realleges paragraphs 1 through 9. To the extent that an answer is required, and except to the extent admitted in paragraphs 1 through 9, the defendant denies same.

11. Deny.

## Prayer for Relief

Paragraphs 12 through 17 of the Plaintiff's complaint constitute the Plaintiff's prayer for relief to which no answer is necessary, but to the extent that an answer may be deemed necessary, the Defendant denies that the Plaintiff is entitled to any relief, including damages attorney's fees, or costs of litigation, in this case.

## Jury Demand

This paragraph constitutes the Plaintiff's demand for a trial by jury to which no answer is necessary.

Respectfully submitted,

\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
UNITED STATES ATTORNEY

\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

\_/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th Street, N.W., Room E4905
Washington, D.C. 20530
(202) 514-7250

Of Counsel:

Mildred M. Glover
Associate General Counsel
Smithsonian Institution