IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **VERA LYNN THOMAS**           ) | |
| ) | |
| ) | |
| Plaintiff,     ) | **Civil Case No**: 07-0029  (RMU) |
| v.                         ) | |
| ) | |
| **HON. LAWRENCE M. SMALL**[1]   ) | |
| Secretary, Smithsonian Institution   ) | |
| ) | |
| ) | |
| Defendant.         | |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to LCvR 16.3, the parties hereby report to the Court as follows:

**Statement of the Case**

Plaintiff is an African American citizen of the United States. Plaintiff was an employee of the Smithsonian Institution. Plaintiff was terminated from her position as an Administrative Specialist. Plaintiff alleges she was discriminated against and/or subjected to harassment, which created a hostile work environment because of race (African American) and/or national origin (American) when she was terminated from her position as an Administrative Specialist, IS-301-09. Plaintiff brought this action under the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Civil Rights Act of 1991.

The Defendant denies all of the allegations of discrimination and hostile work environment. The Plaintiff was separated from her position during the one-year probationary period of her appointment because of poor performance, and not because of any impermissible purpose such as race (Black) and/or National Origin (American) discrimination.

1. <u>Case Scheduling</u>: There are no pending motions. However, defendant believes that some of all of the claims in this case may be resolved through a dispositive motion; plaintiff disagrees.

2. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the necessity to join third parties or to amend the pleadings further. Neither party believes that the legal or

---

[1] Lawrence M. Small is no longer Secretary of the Smithsonian Institution. The Acting Secretary of the Smithsonian is Cristián Samper.

factual issues can be narrowed at this time.

3. Assignment To Magistrate Judge: The parties do not consent to the assignment of this case to a magistrate judge for all purposes; however the parties have no objection to the assignment for discovery disputes.

4. Settlement Possibility: Plaintiff would like this case to be referred to a US. Magistrate judge for mediation. Defendant believes that they need some discovery before they can discuss settlement.

5. Alternative Dispute Procedures: Plaintiff would like this case to be referred to a US. Magistrate judge for mediation. Defendant believes that they need some discovery before they can discuss settlement.

6. Dispositive Motions: Defendant expects to file a dispositive motion upon the close of discovery in this case. The parties suggest that any post-discovery dispositive motion should be filed within sixty (60) days after the close of discovery, on or about June 30, 2008; that any opposition to that motion should be filed within forty-five (45) days of the filing of the dispositive motion, on or about August 14, 2008; and that any reply to the opposition should be filed within thirty (30) days of the filing of the opposition, on or about September 13, 2008.

7. Initial Disclosures: The parties propose that initial disclosures be exchanged by October 1, 2007.

8. Discovery: The parties propose that discovery be completed by April 30, 2008. Interrogatories, requests for production of documents, and requests
for admissions are limited to 25 in number. The parties are limited to 10 depositions per side with each deposition limited to seven (7) hours. The parties anticipate that sensitive personal and/or medical information may be exchanged during the course of discovery in this case. Thus, the parties will submit an appropriate protective order for the Court's approval. The parties agree that documents in electronic format will be produced in a form as close as possible to the original, and that the parties will continue to confer as document production becomes imminent.

9. Experts: The parties propose that plaintiff's expert disclosures be served within forty-five (45) days after the entry of the scheduling order, and that defendant's expert disclosures should be served within sixty (60) days after service of plaintiff's expert disclosures.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation.

12. Proposed Date For The Pretrial Conference: The parties propose that the scheduling of a pre-trial date should await the outcome of dispositive motions.

13. <u>Trial Date:</u> The parties propose that the pre-trial and trial be scheduled after the outcome of dispositive motions.

14. <u>Other Matters:</u> None.

Respectfully submitted,

|  |  |
|---|---|
| /s/ | /s/ |
| _____ | _____ |
| JIMMY A. BELL, Bar # MD14639 | HEATHER GRAHAM-OLIVER |
| Law Office of Jimmy A. Bell, Esq. | U.S. ATTORNEY'S OFFICE |
| 9610 Marlboro Pike | 555 Fourth Street, NW |
| Upper Marlboro, Maryland | Room E-4808 |
| Telephone: 301-599-7620 | Washington, DC 20530 |
|  | Telephone: (202) 305-1334 |
|  | Fax: (202) 514-8780 |
| Attorney for Plaintiff | Attorney for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VERA LYNN THOMAS,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-0029 (RMU) |
| ) | |
| v. ) | |
| ) | |
| **HON. LAWRENCE M. SMALL,** ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LcvR 16.3(d), it is hereby ORDERED that:

(1) Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than October 1, 2007.

(2) Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than forty-five (45) days after the entry of the scheduling order. Defendant's designation of experts and reports shall be made no later than sixty (60) days after service of Plaintiff's expert disclosures.

(3) Each party is limited to ten (10) depositions with each deposition limited to seven (7) hours.

(4) Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts; as well as a maximum of twenty-five (25) requests for production of documents and admissions.

(5) All discovery shall be completed no later than April 30, 2008.

  (6) Dispositive motions shall be filed no later than June 30, 2008; oppositions no later than August 14, 2008; and replies no later than September 13, 2008.

**SO ORDERED.**


Date: _____        _____
                      RICARDO M. URBINA
                      United States District Judge