UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VERA LYNN THOMAS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LAWRENCE M. SMALL,** )<br>**Secretary of the Smithsonian,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 07-0029 (RMU) |

### STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Vera Lynn Thomas and the Smithsonian Institution (collectively referred to hereafter as "the parties"), by and through their respective attorneys, hereby stipulate and agree, as follows:

1. The parties agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Plaintiff forever waives, releases and abandons any and all claims against Defendant which includes the Smithsonian Institution and any other United States federal agency and their respective employees and agents concerning the allegations that form the basis of the complaint and the treatment she received (both acts and omissions) whether past or present, alleged, or which could have been alleged, by the Plaintiff during her employment with the Smithsonian from the beginning of such employment up to the date of this Stipulation of Settlement.

3. Defendant shall pay Plaintiff a lump sum of ten thousand dollars ($10,000) in full settlement of all claims in this matter. Defendant shall issue this payment to Vera Lynn Thomas and deliver such check to Ms. Thomas' attorney, Jimmy A. Bell. Plaintiff and Mr. Jimmy Bell shall be responsible for any tax liabilities arising from this payment.

4       The Smithsonian agrees that it will change Plaintiff's SF-50 to "resignation" from "termination." Defendant also agrees that if inquiries are asked whether Plaintiff will be rehired by the Smithsonian, Defendant will take the position: "The Smithsonian Institution vacancies are publicly announced and competitively filled. All individuals, including Vera Lynn Thomas, would be welcomed to apply for any Smithsonian Institution position for which the individual deems himself or herself to be qualified."

5       Payment of the settlement amount specified in paragraph 3 will be made by check drawn on the Treasury of the United States for $10,000.00 (ten thousand dollars) and made payable to the Vera Lynn Thomas and to Jimmy A. Bell, her attorney. The check will be mailed to Plaintiff's counsel at the following address:  9610 Marlboro Pike, Upper Marlboro, Maryland 20772. Alternately, payment may be made by electronic transfer. Plaintiff's counsel agrees to distribute the settlement proceeds in a manner consistent with this agreement. Payment by Defendant shall be made within a reasonable amount of time and consistent with the normal processing procedures. Defendant's counsel shall promptly prepare and submit all required documentation for processing of this payment, and Plaintiff and Plaintiff's counsel shall cooperate with Defendant's counsel to insure that such documentation is complete and accurate.

6.      Plaintiff and Defendant enter into this Stipulation of Settlement to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action, as well as all other matters related to Plaintiff's employment at the Smithsonian Institution. This Stipulation of Settlement shall represent full and complete satisfaction of any and all claims, demands, rights and causes of action of whatever kind and nature based upon Plaintiff's employment with the Smithsonian Institution, including but not limited to:  1) all claims arising from the allegations set

forth in the complaint filed in this action, including all claims of discrimination that have been, or could be, made in this case; 2) all claims for costs and attorney's fees that have been, or could be, made in this case; 3) all pending Equal Employment Opportunity complaints against the Smithsonian, both formal and informal; 4) any grievances, appeals, civil actions, and/or complaints filed with the Office of Special Counsel, Federal Labor Relations Authority, Merit Systems Protection Board, Office of Personnel Management, General Accounting Office, or any other Federal agency, administrative court or tribunal. In particular, and without limitation, this Stipulation of Settlement shall include all possible claims by Plaintiff against Defendant for compensatory damages, loss of leave, equitable relief and attorney's fees and costs incurred in connection with any administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action prior to and including the date Plaintiff signs this Stipulation of Settlement.

7. This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of Defendant, his past or present agents, servants, employees, representatives or officers, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

8. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

9. The parties agree that this Stipulation of Settlement will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant, the Smithsonian Institution, or any department, agency or instrumentality of the United States.

10. Execution of this Stipulation of Settlement by Plaintiff and her counsel and by the

representative of and counsel for the Defendant shall constitute a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).

11. Plaintiff acknowledges that she has read this entire Stipulation of Settlement and that she understands all of its terms and conditions. Plaintiff acknowledges that her attorney has reviewed and explained the provisions of this stipulation to her and that Defendant has provided sufficient time for this purpose. Plaintiff acknowledges that she has entered into this Stipulation of Settlement voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress, or coercion in connection with the execution of this document.

12. The parties agree that the terms expressly recited herein represent the entire Stipulation of Settlement and that there are no terms or conditions to this stipulation except those expressly stated herein. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

13. The parties agree to cooperate fully and to execute any and all documents necessary to implement and effectuate the provisions of this Stipulation of Settlement.

14. The parties contemplate that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

January 3, 2008.                              Respectfully submitted,


_____/s/_____         _____/s/_____
JIMMY A. BELL                           JEFFREY A. TAYLOR, D.C. Bar # 498610
9610 Marlboro Pike                      United States Attorney
Upper Marlboro, MD 20772
                                        _____/s/_____
                                        RUDOLPH CONTRERAS, DC BAR #434122
Counsel for the Plaintiff               Assistant United States Attorney

                                        _____/s/_____
                                        BLANCHE L. BRUCE
                                        D.C. Bar No. 960245
_____/s/_____         Assistant United States Attorney
VERA LYNN THOMAS                        555 4th Street, N.W.
                                        Washington, DC 20530
Plaintiff                               (202) 307-6078
                                        (202) 514-8780 (facsimile)

                                        Counsel for Defendant


This case is hereby dismissed with prejudice on this ____ day of _____, 2008.


_____
                                        UNITED STATES DISTRICT JUDGE
                                        RICARDO M. URBINA